NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50419 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00438-DSF-1 |
| v. | |
| PETRICA HAMZA, AKA Hamza Petrica, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 10, 2020[**]
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and M. WATSON,[***]
District Judge.

Defendant-Appellant Petrica Hamza challenges his conviction under the

stowaway statute, 18 U.S.C. § 2199, on legal sufficiency grounds. At trial, the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Government presented evidence that a ticketless Hamza used another passenger's boarding pass and his own passport to pass through two airport security checkpoints and board a United Airlines flight from London to Los Angeles. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the evidence in the light most favorable to the Government, we hold that there was sufficient evidence to permit a rational juror to conclude beyond a reasonable doubt that Hamza boarded the transatlantic flight without United Airlines' consent. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). We therefore affirm.[1]

1.      Contrary to Hamza's contention, the fact that United Airlines personnel waived Hamza through security checkpoints and onto the plane even though he presented another passenger's boarding pass does not prove that he had United Airlines' consent to board the flight. The jury could (and apparently did) infer from the evidence that these United employees acted inattentively in failing to stop Hamza from boarding the plane, rather than by design or intention or pursuant to their employer's direction.[2] Similarly, the jury had the opportunity to assess Hamza's arguments that he "did not misrepresent any information in

---

[1] Because the parties are familiar with the facts, we do not discuss them in further detail here.

[2] The district court instructed the jury that "consent" means "a voluntary agreement, approval, or permission regarding some act or purpose," and that "[v]oluntary means done by design or intention." Hamza does not allege that these definitions, taken from Black's Law Dictionary, were erroneous.

2

obtaining consent to board the plane" and that he "honestly presented" another passenger's boarding pass as his own. The jury rejected these arguments. We may not second-guess the jury's judgment absent a showing that "mere speculation, rather than reasonable inference, supports the government's case." *Nevils*, 598 F.3d at 1167; *see United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (noting that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts" (quoting *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977) (internal quotation marks and citation omitted))). Here, the jury's interpretation of the evidence was reasonable.

2. Hamza waived his argument, raised for the first time on appeal, that "there was insufficient evidence that he intended to board the plane without United Airlines' consent." *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("[W]hen a Rule 29 motion is made on a specific ground, other grounds not raised are waived." (citing *United States v. Quintana–Torres,* 235 F.3d 1197, 1199 (9th Cir. 2000))). But even absent waiver, Hamza has not shown that raising the argument below would have "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). First, we do not think the district court would have adopted Hamza's interpretation of 18 U.S.C. § 2199, which runs counter to its plain text. Second, even if the jury had been

3

instructed that the statute requires an intent to board without the airlines' consent, Hamza "has not pointed to evidence so supportive of innocence that no rational trier of fact could find guilt beyond a reasonable doubt." *Nevils*, 598 F.3d at 1169 (citing *Jackson v. Virginia*, 443 U.S. 307, 317 (1979)).

**AFFIRMED.**